# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Q. DIAZ GATES NGUYEN, aka NOEL GALLEGO GARRUCHA, CDCR #T-94012; INMATE BOOKING NO. 7775738,<br><br>                        Plaintiff,<br><br>vs.<br><br>S.J. CARROLL,<br><br>                        Defendant. | Civil No.   08-0235 BTM (POR)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g) [Doc. No. 23]**<br><br>**AND**<br><br>**DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY CIVIL FILING FEES MANDATED BY 28 U.S.C. § 1914(a)** |

      Plaintiff, an inmate currently housed at the George Bailey Detention Facility in San Diego, California and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.

      Plaintiff has not prepaid the $350 civil filing fee required by 28 U.S.C. § 1914(a); instead he has submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 3].

////

I. **Motion to Proceed IFP**

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs. 28 U.S.C. § 1915(a)(2). However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Andrews v. Cervantes*") (Under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim." *Andrews*, 398 F.3d at 1116 n.1. Thus, once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other action IFP in federal court unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, *Andrews*, 398 F.3d at 1119, "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria

under § 1915(g) and therefore counts as a strike." *Id.* at 1120. When applying 28 U.S.C. § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." *Id.* at 1121.

The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'" *Id.* at 1121 (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). *Andrews* further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight or importance" or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an arguable basis in either law or in fact .... [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews*, 398 F.3d at 1121 (quotation and citation omitted).

**II.  Application of 28 U.S.C. § 1915(g)**

The Court notes as an initial matter that it has carefully reviewed the Complaint and has ascertained that it makes no "plausible allegation" to suggest Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Therefore, Plaintiff may be barred from proceeding IFP in this action if he has on three prior occasions had civil actions or appeals dismissed as frivolous, malicious or for failing to state a claim. *See* 28 U.S.C. § 1915(g).

A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979). Here, the Court takes judicial notice that Plaintiff has had three prior prisoner civil actions dismissed on

1  the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may
2  be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. *See Nguyen v. Yost, et al.*, Civil
3  Case No. 07-2096 L (CAB) (S.D. Cal. Nov. 6, 2007) (Order dismissing complaint as frivolous
4  pursuant to 28 U.S.C. § 1915A) (strike one); *Nguyen v. Ferguson, et al..* Civil Case No. 07-1906
5  JAH (POR) (S.D. Cal. Dec. 21, 2007) (Order dismissing complaint as frivolous pursuant to 28
6  U.S.C. § 1915(e)(2)(B) & § 1915A(b)(1)) (strike two); *Nguyen v. San Diego County Jail, et al.,*
7  Civil Case No. 07-1907 LAB (NLS) (Order dismissing complaint as  frivolous pursuant to 28
8  U.S.C. § 1915(e)(2)(B) & § 1915A(b)(1)) (strike three).

9  Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes"
10 pursuant to § 1915(g), and fails to make a "plausible allegation" that he is under imminent
11 danger of serious physical injury, he is not entitled to the privilege of proceeding IFP in this
12 action. *See Andrews v. Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that
13 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes
14 prisoners with a history of abusing the legal system from continuing to abuse it while enjoying
15 IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt
16 permission to proceed IFP is itself a matter of privilege and not right.").

17 **III.   Conclusion and Order**

18 For the reasons set forth above, the Court hereby **DENIES** Plaintiff's Motion to Proceed
19 *In Forma Pauperis* as barred by 28 U.S.C. § 1915(g) [Doc. No. 3], and **DISMISSES** this action
20 without prejudice pursuant to 28 U.S.C. § 1914(a) for failing to prepay the $350 filing fee.
21 The Clerk shall close the file.
22 **IT IS SO ORDERED.**

24 DATED: February 20, 2008

Honorable Barry Ted Moskowitz
United States District Judge